IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| PATRICIA A. METTLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:19-CV-04185 |
| | ) |
| ANDREW SAUL, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff Patricia Mettle's appeal of Defendant Social Security Administration Commissioner's ("Commissioner") denial of her application for disability insurance benefits under the Social Security Act (the "Act"). Plaintiff exhausted her administrative remedies, and the matter is now ripe for judicial review. After carefully reviewing the record, the Court finds that the administrative law judge's (ALJ) decision is supported by substantial evidence in the record as a whole and the decision is **AFFIRMED.**

## BACKGROUND

Plaintiff applied for disability insurance benefits under Title II of the Social Security Act ("Act"), 42 U.S.C. § 401, *et seq.* Plaintiff's claims were denied initially, and Plaintiff requested an administrative hearing before an administrative law judge, which was held on August 23, 2018 (Tr. 29-55, 71-76).

Following the hearing, on December 24, 2018, the ALJ issued a written decision finding Plaintiff not disabled using the five-step sequential evaluation process for disability claims (Tr. 9-28). *See* 20 C.F.R. § 404.1520. At step one, the ALJ found Plaintiff had not engaged in

substantial gainful activity since her alleged onset date (Tr. 15). At step two, the ALJ found Plaintiff had severe impairments that included migraines, epilepsy, anxiety, depression, and history of attention deficit disorder (Tr. 15). Plaintiff also had a non-severe impairment of obesity (Tr. 15). At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medially equaled the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 16-17). After evaluating the evidence of record as a whole, the ALJ concluded Plaintiff retained the residual functional capacity ("RFC") to perform a range of light work as defined in 20 C.F.R. § 404.1567(b) as follows:

> never climb ladders, ropes, or scaffolds and can occasionally climb ramps or stairs. She can frequently kneel, crawl, and crouch. The claimant must avoid concentrated exposure to excessive vibration and to very bright, theater-type lighting. She must avoid all exposure to workplace hazards such as dangerous moving machinery and unprotected heights. She can never drive a motor vehicle as a job task. She can work in an environment with a moderate noise level. The claimant can understand, remember, and carry out simple instructions consistent with unskilled work.

(Tr. 17-18). Based on the RFC and interrogatories from a vocational expert ("VE"), at step four, the ALJ found Plaintiff could perform her past relevant work as a sales attendant as actually and generally performed (Tr. 21-22). The ALJ also made alternative findings at step five, finding jobs that exist in significant numbers in the national economy that Plaintiff could perform, including folding machine operator, garment sorter, and routing clerk (Tr. 22-23). Accordingly, the ALJ found Plaintiff was not disabled (Tr. 23).

## STANDARD

Judicial review of the Commissioner's decision is a limited inquiry into whether substantial evidence supports the findings of the Commissioner and whether the correct legal standards were applied. *See* 42 U.S.C. §§ 405(g), 1383(c)(1)(B)(ii)(3). Substantial evidence is less than a preponderance of the evidence and requires enough evidence to allow a reasonable

person to find adequate support for the Commissioner's conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Freeman v. Apfel*, 208 F.3d 687, 690 (8th Cir. 2000). This standard requires a court to consider both the evidence that supports the Commissioner's decision and the evidence that detracts from it. *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008). That the reviewing court would come to a different conclusion is not a sufficient basis for reversal. *Wiese v. Astrue*, 552 F.3d 728, 730 (8th Cir. 2009). Rather, "[i]f, after review, we find it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, we must affirm the denial of benefits." *Id.* (quoting *Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996)).

Courts "defer heavily to the findings and conclusions of the Social Security Administration" and will disturb the Commissioner's decision only if it falls outside the "zone of choice." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *Casey v. Astrue*, 503 F.3d 687, 691 (8th Cir. 2007). Incorrect application of a legal standard is grounds reversal, *Ford v. Heckler*, 754 F.2d 792 (8th Cir. 1985), but the Court defers to the ALJ's determinations of the credibility of witness testimony, as long as the ALJ's determinations are supported by good reasons and substantial evidence. *Pelkey v. Barnhart,* 433 F.3d 575, 578 (8th Cir. 2006). Finally, while a deficiency in opinion writing is not enough to merit reversal where it has no practical effect on the outcome, incomplete analyses, inaccuracies, and unresolved conflicts of evidence may be a basis for remand. *Reeder v. Apfel*, 213 F.3d 984, 988 (8th Cir. 2000).

## DISCUSSION

Plaintiff asserts that the sole issue is that the Commissioner improperly rejected the opinion of Plaintiff's treating physician. The ALJ gave great weight to the opinion of the state agency

medical consultant who determined Plaintiff was capable of performing light work with occasional climbing of ramps or stairs but no ladders, ropes or scaffolds, could frequently kneel, crouch and crawl, who needed to avoid heights and hazards, concentrated exposure to vibration and moderate noise level. (TR 20). The ALJ assigned "great weight" to Dr. Gwartney's opinion, stating that it was consistent with Dr. Gwartney's comprehensive review of the record through 2017, as well as Plaintiff's longitudinal history and self-reported activities (Tr. 20). The ALJ pointed out that evidence received subsequent to Dr. Gwartney's opinion did not indicate any worsening in Plaintiff's impairments, and that Dr. Gwartney's opinion was the only opinion in the record from an acceptable medical source that contained specific physical functional limitations (Tr. 20-21).

In contrast, the ALJ gave little weight to the opinion of Mettle's treating physician, Dr. Burger. (TR 21). In *Allaire v Commissioner of Social Security,* 409 F. Supp. 3d 698 (N.D.Iowa 2019) the court stated that "The opinion of a treating physician is generally afforded 'controlling weight if that opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record.' " *Chesser v. Berryhill*, 858 F.3d 1161, 1164 (8th Cir. 2017) (quoting *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010)). "Although a treating physician's opinion is entitled to great weight, it does not automatically control or obviate the need to evaluate the record as a whole." *Hogan v. Apfel*, 239 F.3d 958, 961 (8th Cir. 2001). The ALJ may discount or disregard a treating physician's opinion if other medical assessments are supported by superior medical evidence, or if the treating physician has offered inconsistent opinions. See *Hamilton v. Astrue*, 518 F.3d 607, 610 (8th Cir. 2008). When an ALJ discounts a treating physician's opinion, he or she "must 'give good reasons' for doing so." Chesser, 858 F.3d at 1164 (quoting *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012)). "Good reasons for assigning lesser weight to the opinion of a treating source exist where 'the treating

physician's opinions are themselves inconsistent,' *Cruze [v. Chater]*, 85 F.3d [1320,] 1325 [ (8th Cir. 1996) ], or where 'other medical assessments are supported by better or more thorough medical evidence,' *Prosch [v. Apfel],* 201 F.3d [1010,] 1012 [ (8th Cir. 2000) ]." *Id.*

The ALJ, contrary to Plaintiff's arguments, provided several "good reasons" for the weight assigned to Dr. Burger's opinion. Among them, the ALJ found that the opinion was conclusory, on an issue reserved to the Commissioner, appeared to rely on Plaintiff's self-report, and was inconsistent with Plaintiff's own statements and the remainder of the record. (Tr. 21). The ALJ appropriately noted that Dr. Burger's opinion was both conclusory and on an issue reserved for the Commissioner (Tr. 21). Dr. Burger merely restated Plaintiff's self-reported symptoms and allegations and then concluded his letter by stating, "I feel she could not be successfully employed at this time" (Tr. 346). Under agency regulations, whether or not an individual is able to work is an issue reserved for the Commissioner, and therefore is never due "any special significance." *See* 20 C.F.R. § 404.1527(d)(3); *see also House v. Astrue*, 500 F.3d 741, 745 (8th Cir. 2007). Because regulations specifically state that opinions on issues reserved to the Commissioner "are not medical opinions," the ALJ was not required to evaluate Dr. Burger's statement using the factors outlined in 20 C.F.R. § 404.1527(c), "How we weigh *medical* opinions." *See* 20 C.F.R. § 404.1527(c)(d) (emphasis added).

It is well settled in the Eighth Circuit that a treating physician's opinion will be given controlling weight "if, and only if, it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence.'" *Winn v. Comm'r, Soc. Sec. Admin.*, 894 F.3d 982, 986 (8th Cir. 2018) (quoting *Johnson v. Astrue*, 628 F.3d 991, 994 (8th Cir. 2011)); *see* 20 C.F.R. § 404.1527(c)(2). However, opinions expressed by providers on issues such as whether an individual's impairments meet or equal a listing, applying

the vocational factors at steps four and five, and statements that a claimant is "disabled" or "unable to work," are not considered medical opinions. 20 C.F.R. § 404.1527(d). Opinions on these issues are "reserved to the Commissioner because they are dispositive of a case," and the agency "will not give any special significance to the source of an opinion on issues reserved to the Commissioner." *Id.; see also Schwandt v. Berryhill*, 926 F.3d 1004, 1011 (8th Cir. 2019) (finding an ALJ is not required to weigh opinions on issues reserved to the Commissioner).

The ALJ also considered that Dr. Burger's opinion appeared to rely on Plaintiff's subjective complaints, since he repeated Plaintiff's descriptions of her symptoms in the letter instead of supporting his opinion with clinical findings or observations (Tr. 21). As mentioned, by the ALJ, Dr. Burger's opinion of her epilepsy being "uncontrolled" appears to be based on nothing more than Plaintiff's self-port, since Dr. Burger noted that the diagnosis of epilepsy with ongoing seizures was made "by history" only (Tr. 343). An ALJ may give a treating physician's opinion less deference when it is based on a claimant's subjective complaints rather than objective medical evidence. *Reece v. Colvin*, 834 F.3d 904, 909 (8th Cir. 2016) (citing *Cline*, 771 F.3d at 1104). The ALJ also noted Dr. Burger's statement that Plaintiff's conditions are "uncontrolled" is inconsistent with Plaintiff's reports of significant improvement in her symptoms with medication management (Tr. 21, 36, 42, 342, 344).

## CONCLUSION

For the reasons set forth herein, the Court finds there is substantial evidence in the record as a whole to support the ALJ's determination. Accordingly, the Commissioner's decision denying benefits to Patricia Mettle is **AFFIRMED**.

**IT IS SO ORDERED.**

Dated: December 7, 2020　　　　　　　　　　　　　　　　　_/s/ Douglas Harpool_
　　　　　　　　　　　　　　　　　　　　　　　　　　　　**DOUGLAS HARPOOL**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**